___

**SO ORDERED,**




**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

___

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:   CHAPTER 13
**TM GARRET SCHMID**   **CASE NO.: 23-12874**
**CARMEN BROWN SCHMID**

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor(s) plan was filed on ___October 2, 2023___, and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor(s) chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

    a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
    b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney is awarded a fee in the amount of $__4,000.00__, of which $__2,383.15__ is due and payable from the estate.

*##END OF ORDER##*

Approved:

/s/Robert H. Lomenick
Attorney for the Debtor
**Robert H. Lomenick, MSB 104186**
**Jones & Schneller, PLLC**
**Post Office Box 417, Holly Springs, MS 38635**
**662-252-3224 ; [robert@northmsbankruptcy.com](robert@northmsbankruptcy.com)**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **TM Garret Schmid** |
| | Full Name (First, Middle, Last) |
| Debtor 2 (Spouse, if filing) | **Carmen Brown Schmid** |
| | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** |
| Case number: (If known) | **23-12874** |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

3.1

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance        12/17

### Part 1:  Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1     Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2     Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay  $2,667.00   (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Direct Pay

| Debtor | **TM Garret Schmid** | Case number | **23-12874** |
|---|---|---|---|
| | **Carmen Brown Schmid** | | |

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3   Income tax returns/refunds.**

   *Check all that apply*

   ☑   Debtor(s) will retain any exempt income tax refunds received during the plan term.

   ☐   Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

   ☐   Debtor(s) will treat income refunds as follows:
        _____

**2.4 Additional payments.**
   *Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:   Treatment of Secured Claims**

**3.1   Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

   *Check all that apply.*

   ☐   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

   **3.1(a)**   **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
   ☑   1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

   1   Mtg pmts to   **Bank Of Holly Springs**
   Beginning   **Feb. 2024**         @      $1,419.50       ☑ Plan     ☐ Direct.     Includes escrow ☑ Yes ☐ No

   1   Mtg arrears to   **Bank Of Holly Springs**        Through      **Jan. 2024**         $18,479.11

   **3.1(b)** ☐   **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

   Property   **-NONE-**
   address:   _____
   Mtg pmts to   _____
   Beginning   month_____   @   _____   Plan   Direct.   Includes escrow   Yes   No

   Property **-NONE-**   Mtg arrears to   _____   Through   _____   _____

   **3.1(c)** ☐   **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

   Creditor:   **-NONE-**           Approx. amt. due:   _____       Int. Rate*:   _____
   Property Address:   _____
   Principal Balance to be paid with interest at the rate above:   _____
   (as stated in Part 2 of the Mortgage Proof of Claim Attachment)
   Portion of claim to be paid without interest: $ _____
   (Equal to Total Debt less Principal Balance)

   Special claim for taxes/insurance: $ _____ **-NONE-** /month, beginning   month .

| Debtor | **TM Garret Schmid** | Case number | **23-12874** |
|---|---|---|---|
| | **Carmen Brown Schmid** | | |

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2** **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Bank Of Holly Springs** | $4,463.08 | **2 John Deere Garden Tractors, Frontier RC Bushhog** | $4,000.00 | $4,000.00 | 7.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Fidelity National Loans** | $12,000.00 | **Nikon D3400 ($250), Nikon Lens ($90), Canon Lens 300mm ($150), Back Magic ATEM TV Switcher ($499), Lighting equipment - 5 stands ($50), 5 microphones ($150), Blue Yeti Microphone ($50), Trailer 6x12' enclosed (Water damaged $0.00), Nikon D3100 ($150), Olympus Lens ($200), Black Magic Video Assist Field Recorder ($250), Samsung Meteor Studio Mic ($44), Behringer Mixer ($85), Asus Laptop ($150), Setup Monitors ($150 total/$50each), Desktop computer and monitor ($150), 2 galaxy smart watches ($150)** | $2,418.00 | $2,418.00 | 7.00% |

| Debtor | **TM Garret Schmid** <br> **Carmen Brown Schmid** | | Case number | **23-12874** |
|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **John Deere Financial** | $26,560.32 | Frontier RC20 RC2060 Rotary Cutter, John Deere Tractor, with attachments, accessories and components. C&W 7 x 18' Trailer | $25,000.00 | $25,000.00 | 7.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| **First Heritage Credit** | **Craftsman Mower ($200), 55" Samsung Smart TV ($300), 50" Smart TV ($200)** | $700.00 | $0.00 | Agreement | **UCC # 20223941279A** |
| **Fundo, LLC** | **All property exempt or encumbered by prior lien** | $2250.00 | $000 | Agreement, UCC | **UCC#: 20234176858A** |

*Insert additional claims as needed.*

| Debtor | **TM Garret Schmid** | Case number | **23-12874** |
|---|---|---|---|
| | **Carmen Brown Schmid** | | |

**3.5** **Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Carmax Auto Finance | 2010 Mazda MX5 100000 miles |
| Carmax Auto Finance | 2013 Kia Sorrento 175000 miles |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

☑ No look fee:   **$4000.00**

| Total attorney fee charged: | $**4,000.00** |
|---|---|
| Attorney fee previously paid: | $**1,616.85** |
| Attorney fee to be paid in plan per confirmation order: | $**2,383.15** |

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5** **Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $   **$2,418.00**

☐ _____% of the total amount of these claims, an estimated payment of $_____

| Debtor | **TM Garret Schmid** | Case number | **23-12874** |
|---|---|---|---|
| | **Carmen Brown Schmid** | | |

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| B Auto Sales | Contract for title ($300/month) on a 1997 Ford F150 | $300.00 | $0.00 | n/a |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

*Insert additional contracts or leases as needed.*

### Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8:    Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

X    Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3

1. Absent an objection, andy Proof of Claim filed by the Internal Revenue Service and/or MDOR (priority/secured) shall be paid in full at any applicable statutory rate of interest.
2. Upon the filing of a Notice of Postpetition Mortgage Fees, Expenses, and Charges, and absent any objection being filed within 30 days after the filing of said Notice, the Trustee is authorized to pay the amount contained in the Notice as a special claim over the remaining plan term and adjust the plan payment accordingly.
3. If applicable, all ad valorem taxes, past/present/future, if not paid by the mortgage company,

| Debtor | **TM Garret Schmid** | Case number | **23-12874** |
|---|---|---|---|
|  | **Carmen Brown Schmid** |  |  |

shall be paid direct to the taxing authority by the Debtor and not paid through the chapter 13 plan

## Part 9:  Signatures:

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  **/s/ TM Garret Schmid**  
**TM Garret Schmid**  
Signature of Debtor 1

Executed on     **October  2, 2023**

**1552 S Mullins Rd**  
Address  
**Holly Springs MS 38635-0000**  
City, State, and Zip Code

Telephone Number

X  **/s/ Carmen Brown Schmid**  
**Carmen Brown Schmid**  
Signature of Debtor 2

Executed on     **October  2, 2023**

**1552 S Mullins Rd**  
Address  
**Holly Springs MS 38635-0000**  
City, State, and Zip Code

Telephone Number

X  **/s/ Robert H. Lomenick**  
**Robert H. Lomenick 104186**  
Signature of Attorney for Debtor(s)  
**126 North Spring Street**  
**Post Office Box 417**  
**Holly Springs, MS 38635**  
Address, City, State, and Zip Code  
**662-252-3224**  
Telephone Number  
**rlomenick@gmail.com**  
Email Address

Date    **October  2, 2023**

**104186 MS**  
MS Bar Number